IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| WAYNE LEROY LOGAN, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.: WDQ-10-3065 |
| | * | CRIMINAL NO.: WDQ-10-0203 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Wayne Leroy Logan's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the motion will be denied.

I. Background

On December 10, 2009, Logan sold 50.6 grams of crack cocaine to an undercover Task Force Officer posing as a customer. ECF No. 26 at 2. On April 22, 2010, Logan was indicted for distributing 50 grams or more of crack cocaine in violation of the Controlled Substances Act[1] and other offenses. ECF No. 11. Assistant Federal Public Defender Joseph Evans, Esquire was appointed to represent Logan. ECF No. 26 at 2.

On July 7, 2010, Logan pled guilty to the distribution charge. ECF No. 17; ECF No. 26, Ex. A [hereinafter Plea Agmt.].

---

[1] 21 U.S.C. § 841(a)(1).

The parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement stipulated that Logan was a career offender with a base offense level of 37 and a criminal history category of VI under the United States Sentencing Guidelines. *Id.* ¶ 6 (*citing* U.S.S.G. § 4B1.1(b)).[2] The parties stipulated that Logan would receive a three-level downward departure for acceptance of responsibility,[3] and a sentence of 180 months was appropriate. *Id.*; *id.* ¶ 10. That day, this Court sentenced Logan to 180 months imprisonment. ECF No. 19.

On October 28, 2010, Logan moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On January 13, 2011, the Government opposed that motion. ECF No. 26.

II. Analysis

Logan argues that (1) he should be resentenced under the Fair Sentencing Act of 2010,[4] and (2) Evans provided ineffective assistance of counsel by failing to seek a continuance of Logan's sentencing hearing pending the "imminent" enactment of that statute. *See* Mot. to Vacate 3, 5-6. The Government asserts

---

[2] His Guidelines sentencing range was 360 months to life imprisonment. U.S.S.G. ch. 5, pt. A (sentencing table).

[3] An offense level of 34 under criminal history category VI yields a sentencing range of 262 to 327 months. U.S.S.G. ch. 5, pt. A (sentencing table).

[4] Pub. L. No. 111-220, 124 Stat. 2372 (codified in scattered sections of 21 U.S.C.).

2

that the Fair Sentencing Act is inapplicable, and Evans was not ineffective. ECF No. 26 at 4-6.

A. Application of the Fair Sentencing Act

1. The Fair Sentencing Act

Before August 3, 2010, the Controlled Substances Act equated one gram of crack cocaine with 100 grams of powder cocaine (the "100-to-1 ratio"). *See United States v. Munn*, 595 F.3d 183, 186 n.5 (4th Cir. 2010). The statute mandated a minimum term of five years imprisonment for offenses involving five grams or more of crack cocaine or 500 grams or more of powder cocaine, and a minimum term of ten years for 50 grams or more of crack cocaine or 5,000 grams or more of powder cocaine. *Kimbrough v. United States*, 552 U.S. 85, 96 (2007).

On August 3, 2010, the Fair Sentencing Act was enacted. *See* Pub. L. No. 111-220, 124 Stat. 2372. It amended the Controlled Substances Act by increasing the amount of crack cocaine necessary to trigger the five-year minimum to 28 grams or more, and the amount necessary to trigger the ten-year minimum to 280 grams or more. *Id.* § 2(a) (codified at 21 U.S.C. § 841(b)(1)). These amendments reduced the crack-powder ratio to 18-to-1.

2. The General Savings Statute

Under the General Savings Statute:

> The repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute . . . unless the repealing Act shall so expressly

3

provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]

1 U.S.C. § 109.

The General Savings Statute also applies to amended legislation. *Korshin v. Comm'r*, 91 F.3d 670, 674 n.5 (4th Cir. 1996). Thus, unless the repealing or amending statute explicitly states that it is retroactive, the General Savings Statute "saves" the old penalties that were in effect when the offense was committed. *See United States v. Masciandaro*, --- F.3d ----, No. 09-4839, 2011 WL 1053618, at *6 (4th Cir. Mar. 24, 2011). The General Savings Statute preserves penalties, not "discarded remedies or procedures." *Warden v. Marrero*, 417 U.S. 653, 661-62 (1974).

The Fair Sentencing Act does not "expressly provide that [its] amendments [to the Controlled Substances Act] apply retroactively."[5] Thus, "the Fair Sentencing Act . . . is not retroactive and is only applicable to defendants who commit their offenses after its effective date."[6]

---

[5] *United States v. McAllister*, 401 F. App'x 818, 820 n.* (4th Cir. 2010) (per curiam) (*citing* 1 U.S.C. § 109); *see also United States v. Pearson*, No. 11-6025, 2011 WL 807397, at *1 (4th Cir. Mar. 9, 2011) (per curiam).

[6] *United States v. McDougald*, No. 10-4929, 2011 WL 1211322, at *1 (4th Cir. Apr. 1, 2011) (per curiam) (*citing, inter alia, United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010)).

4

3. The Fair Sentencing Act Does Not Apply to Logan

Logan argues that the General Savings Statute does not preserve the penalties that were in effect when he committed the offense, and he is "still eligible for consideration of the Fair Sentencing Act." Mot. to Vacate 5-6, 17.[7] He asserts that the Fair Sentencing Act: (1) did not repeal or amend any penalty, but was merely a procedural change; (2) applies to cases "not yet final"; and (3) should be applied to his sentence to avoid an Eighth Amendment conflict. See id. at 9-11, 14-15.

a. The Fair Sentencing Act Amended Penalty Provisions

Logan argues that: the General Savings Statute preserves only statutory penalties that have been repealed or amended; and the Fair Sentencing Act did not repeal or amend any penalty contained in the Controlled Substances Act, but simply effected a "procedural change" to the amount of crack cocaine necessary to trigger a mandatory minimum sentence. See id. at 10-11.

A criminal defendant suffers a "penalty" when sentenced. See Marrero, 417 U.S. at 661. The Fair Sentencing Act amended the "harsher [sentencing laws] in force" when Logan committed the offense in favor of "ameliorative" laws. Id. The Fair Sentencing Act amended that portion of the Controlled Substances Act that established the 100-to-1 ratio and the applicable

---

[7] As discussed in Part II.A.4, Logan received a lower sentence than the advisory Sentencing Guidelines range had the Fair Sentencing Act applied.

5

mandatory minimum sentences. *United States v. Santana*, --- F. Supp. 2d ----, No. 09-CB-1022(KMK), 2011 WL 260744, at *11 (S.D.N.Y. Jan. 20, 2011). This "change in sentencing [was] not a procedural or remedial change." *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011) (*citing Bell*, 624 F.3d at 815).

Because the Fair Sentencing Act amended the penalty provisions of the Controlled Substances Act--without expressly providing that the amendments were retroactive--the General Savings Statute requires application of the pre-amendment sentencing statute to defendants whose crimes occurred before the Fair Sentencing Act was enacted. *See* 1 U.S.C. § 109; *McDougald*, 2011 WL 1211322, at *1. Because Logan committed his offense in December 2009, before the Fair Sentencing Act became effective, the statute does not apply to him. *See id.*; ECF No. 26 at 2.

      b.  The Fair Sentencing Act's Applicability to Not Yet Final Cases

Logan asserts that "to avoid conflicting with the due process and equal protection clause," the Fair Sentencing Act should apply to "cases not yet final." Mot. to Vacate 14-15. He cites *Griffith v. Kentucky*, which held that new constitutional rules governing criminal procedure must be retroactively applied to cases "pending on direct review or not yet final." 479 U.S.

314, 322-23, 328 (1987).[8]

A conviction is final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Logan has not indicated whether he intends to appeal his conviction. Regardless, *Griffith* does not apply because the Fair Sentencing Act is not a constitutional criminal procedure rule, but a statute that amended sentencing provisions.[9] The *Griffith* Court adopted its retroactivity principle because "[u]nlike a legislature, [the Supreme Court does] not promulgate new rules of constitutional criminal procedure on a broad basis." *Griffith*, 479 U.S. at 322.

Not only is *Griffith* inapplicable, but there is a "presumption against statutory retroactivity" unless Congress indicates that the new law "should apply to cases arising before its enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 286 (1994). The Fair Sentencing Act "does not contain so much as a hint that

---

[8] *Griffith* sought to remedy "the *actual inequity* that results when the [Supreme] Court chooses which of many similarly situated defendants should be the chance beneficiary of a new rule." *Griffith*, 479 U.S. at 323 (citation and internal quotation marks omitted).

[9] *See, e.g., United States v. Robinson*, No. 10-2775, 2010 WL 5423759, at *1 (7th Cir. 2010) (rejecting defendant's equal protection argument that he should benefit from the Fair Sentencing Act based on the principles of *Griffith*; there is no indication that *Griffith* applies to "amendments to *legislation* that alter penalties but create no new rights"); *see also United States v. Acoff*, 634 F.3d 200, 202 (2d Cir. 2011).

7

Congress intended it to apply retroactively." *Bell*, 624 F.3d at 815. Thus, if Logan's case is not yet final, the Fair Sentencing Act is inapplicable because his crime was before the law was enacted. ECF No. 26 at 2.[10]

   c. Logan's Sentence Does Not Violate the Eighth Amendment

Logan argues that application of the General Savings Statute instead of the Fair Sentencing Act is cruel and unusual punishment under the Eighth Amendment because (1) the Fair Sentencing Act recognizes that the pre-amendment penalties are "too severe," and (2) offenders "who committed their offenses before August 3, 2010, are not more culpable than those who committed their offenses [later]." Mot. to Vacate 16-17.

The imposition of pre-Fair Sentencing Act penalties on Logan does not violate the Eighth Amendment.[11] "[I]t is not

---

[10] *See, e.g., United States v. Brazil*, No. 07-20531, 2011 WL 482717, at *1 (E.D. Mich. Feb. 4, 2011) (defendant could not benefit from the Fair Sentencing Act even though his case was on appeal--thus not yet final--after it was enacted; the court was required to apply the penalties "in place [when] the offense occurred, which was well before the [statute] was signed into law" (citing *Carradine*, 621 F.3d at 580)); *see also Acoff*, 634 F.3d at 202.

[11] *See, e.g., United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir. 1988) (the pre-Fair Sentencing Act sentencing scheme for drug offenses does not violate the Eighth Amendment); *United States v. Williams*, No. 10-2500, 2011 WL 167073, at *2 (8th Cir. Jan. 20, 2011) (rejecting defendant's argument that because the Fair Sentencing Act increased the amount of crack cocaine necessary to trigger a mandatory minimum sentence, it would be cruel

irrational" for Congress to impose a penalty on those who offended "at a time when they knew or should have known the severity of the applicable penalty, even while reducing the penalty as to future offenders."[12] That Logan remains subject to the pre-amendment sentencing statute instead of the Fair Sentencing Act does not violate the Eighth Amendment.

Accordingly, Logan's arguments that the General Savings Statute does not preserve the pre-amendment penalties of the Controlled Substances Act must fail. Because he committed his offense before enactment of the Fair Sentencing Act, that Act can provide him no relief.[13]

4. Application of the Fair Sentencing Act Would Not Benefit Logan

Had the Fair Sentencing Act applied retroactively, the advisory Sentencing Guidelines would contemplate a higher sentence than Logan received under his plea agreement. Logan's plea agreement stipulated that he was a career offender. Plea Agmt.

---

and unusual for him to suffer the pre-amendment penalty; that the district court applied the "then-applicable mandatory minimum did not violate [the] Eighth [Amendment]").

[12] *Acoff*, 634 F.3d at 202 (Fair Sentencing Act did not apply to defendant who offended before its enactment (*citing* 1 U.S.C. § 109)).

[13] 1 U.S.C. § 109; *McDougald*, 2011 WL 1211322, at *1 ("[The defendant's] criminal conduct predated the effective date of the [Fair Sentencing] Act and thus it does not apply.").

¶ 6. Under the advisory Sentencing Guidelines, a career offender's criminal history category is VI, and his base offense level is determined by the statutory maximum for the offense of conviction. *United States v. Sullivan*, 455 F.3d 248, 254-55 (4th Cir. 2006); U.S.S.G. § 4B1.1(b). A career offender convicted of an offense with a maximum penalty of 40 years has a base offense level of 34. *See id.*

Under the Fair Sentencing Act, the maximum penalty for an offense involving 50 grams or more of crack cocaine is 40 years. 21 U.S.C. § 841(b)(1)(B)(iii), (viii).[14] Had the Fair Sentencing Act applied to Logan, his base offense level would have been 34. *See* U.S.S.G. § 4B1.1(b). The plea agreement stipulated a three-level downward departure for acceptance of responsibility, Plea Agmt. ¶ 6, for an adjusted offense level of 31. An offense level of 31 and criminal history category VI yield an advisory sentencing range of 188 to 235 months. U.S.S.G. ch. 5, pt. A (sentencing table). The plea agreement stipulated that 180 months was appropriate; that is the sentence Logan received. Plea Agmt. ¶ 6; ECF No. 19. Had the Fair Sentencing Act applied retroactively to Logan, the advisory Sentencing Guidelines would have set a sentencing range higher than the sentence he received.

---

[14] Before the Fair Sentencing Act, the maximum penalty was life imprisonment. *See, e.g., Kimbrough*, 552 U.S. at 92 n.1. This meant a base offense level of 37, as Logan's plea agreement stipulated. Plea Agmt. ¶ 6 (*citing* U.S.S.G. § 4B1.1(b)).

B. Ineffective Assistance of Counsel

Logan argues that Evans provided ineffective assistance of counsel by failing to seek "just a 30-day" continuance of Logan's sentencing hearing--which occurred July 7, 2010--in light of the pending Fair Sentencing Act. Mot. to Vacate 17. He asserts that "everyone from the federal prosecutors to the media" knew of the statute's "imminent" enactment, and Evans should have asked to continue sentencing so that Logan could benefit from it. *Id.* at 3.

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Logan must show that (1) counsel's deficient performance (2) prejudiced his defense. *Id.* at 687. Deficient performance requires a showing that counsel made errors so serious that his representation "fell below an objective standard of reasonableness." *Id.* at 687-88. In the context of a sentencing proceeding, the prejudice component focuses on, *inter alia*, whether the result of the proceeding was "fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (*citing Strickland*, 466 U.S. at 687). The Court is "highly deferential" when scrutinizing counsel's performance. *Strickland*, 466 U.S. at 689.

1. Evans's Performance Was Not Deficient

Because Logan committed the offense before the Fair Sentencing Act became effective, Evans did not commit an error by

11

failing to seek a continuance in the vain hope that the Fair Sentencing Act would have lessened Logan's punishment.[15]

2. Logan Was Not Prejudiced

Had Evans sought a continuance, the Fair Sentencing Act would not have provided relief for Logan; thus, he suffered no prejudice from the failure to seek a continuance. Moreover, as explained above, Logan received a lower sentence than the advisory Sentencing Guidelines range would have been under the Fair Sentencing Act. *See supra* Part II.A.4. Logan cannot demonstrate that the result of his sentencing proceeding was "fundamentally unfair." *Lockhart*, 506 U.S. at 372.[16]

Accordingly, Logan's claim of ineffective assistance of counsel based on Evans's failure to request a continuation of sentencing pending the enactment of the Fair Sentencing Act must fail.

---

[15] *See, e.g.*, *McAllister*, 401 F. App'x at 820 n.* (had the district court continued the defendant's sentencing hearing pending the enactment of the Fair Sentencing Act, the court would have "had to apply the penalties in effect in 2009 when [the defendant] committed the . . . offense" (citing 1 U.S.C. § 109)); *see also supra* Part II.A.3.

[16] *See, e.g.*, *United States v. Shrader*, No. 1:08CR00015, 2011 WL 824590, at *4 (W.D. Va. Mar. 03, 2011) (defendant who received a sentence that was "less than the low end of the advisory guidelines" could not show prejudice as to his claim of ineffective assistance of counsel at sentencing).

12

C. Certificate of Appealability

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

Because Logan has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Logan's motion will be denied.

_4/27/11_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge