IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES,                        *

    Plaintiff,                     *

                     *

      v.                             CRIMINAL NO.: WDQ-10-0203

                     *

WAYNE LEROY LOGAN,                     *

    Defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Wayne Leroy Logan pled guilty to unlawful distribution of 50 grams of cocaine base (crack cocaine). Pending is Logan's motion to reduce his sentence based on the reduced Sentencing Guidelines for crack cocaine offenses. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, Logan's motion will be denied.

I.  Background

On July 7, 2010, Logan pled guilty to one count of unlawful distribution of 50 grams of crack cocaine in violation of 21 U.S.C. § 841. ECF No. 18 at 1 ("Plea Agreement"). The plea was entered into under Fed. R. Crim. P. 11(c)(1)(C) (a "C plea"). *Id.* ¶ 10. In the plea agreement, Logan agreed that the Court would determine a Guidelines sentencing range and would "take into account the advisory guidelines range in establishing a reasonable sentence." *Id.* ¶ 5. The parties stipulated that because Logan was a "career offender" under U.S.S.G. § 4B1.1,

his base offense level was 37 and his criminal history category
was VI.  *Id.* ¶ 6(a) (*citing* U.S.S.G. § 4B1.1(b)).  The
government did not oppose a two-level reduction based on Logan's
acceptance of personal responsibility, and agreed to move for an
additional one-level decrease under U.S.S.G. § 3E1.1(b) in
recognition of Logan's "timely notification of his intention to
plead guilty," which resulted in an adjusted offense level of
34.  *Id.* ¶ 6(b).  The Court granted an additional four-level
departure under U.S.S.G. § 5H1.1 because of Logan's age (he was
48 years old).  ECF No. 20 at 2 (sealed).  Logan's total offense
level was 30; with a criminal history category of VI, his
guideline range was 262 to 327 months.  *See* June 7, 2012 U.S.
Probation and Pretrial Services Memorandum ("USPO Memo") at 1.[1]
Accounting for downward departures, Logan's guideline range was
168 to 210 months.  *Id.*  The parties stipulated to a sentence of
180 months, which the Court imposed on July 7, 2010.  Plea
Agreement ¶ 10; ECF No. 19 at 2.

Effective November 1, 2011, Sentencing Commission Amendment
750 retroactively changed the Guidelines for crack cocaine
offenses. See U.S.S.G., App. C, Amend. 750 (2012); *see also*
U.S.S.G. § 2D1.1(c) (2012).  On February 27, 2014, the Federal
Public Defender moved for a reduction in Logan's sentence under
18 U.S.C. § 3582(c)(2) based on Amendment 750.  ECF No. 38

---

[1] The USPO Memo was appended to Logan's motion.

2

("Mot.")[2]   On June 1, 2014, the government opposed the motion

("Opp.").   On June 6, 2014, Logan replied ("Reply").   Effective

November 1, 2014, Sentencing Commission Amendment 782

retroactively changed the Guidelines for drug offenses.   *See*

U.S.S.G. Supp. App. C, Amend. 782 (2014); *see also* U.S.S.G. §

2D1.1(c) (2014).[3]

II. Analysis

Logan seeks a reduction under 18 U.S.C. § 3582(c)(2). Mot.

at 1.   Section 3582(c)(2) states that a defendant "sentenced to

a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission" may seek

a reduction in sentence, "if such a reduction is consistent with

applicable policy statements issued by the Sentencing

Commission."   18 U.S.C. § 3582(c)(2); *see also* U.S.S.G.

§ 1B1.10(a)(1)(2014).   In resentencing, the court "shall

substitute the amended Guidelines range for the initial range,

and shall leave all other guideline application decisions

---

[2] Logan's *pro se* motion for a reduced sentence under 18 U.S.C. §
3582(c)(2) and Amendment 750, ECF No. 30, will be denied as
moot.

[3] Amendment 782 is broader than Amendment 750, "lowering the base
offense level for most drug quantity offenses under [U.S.S.G.]
§ 2D1.1" *United States v. Thomas*, 775 F.3d 982, 982-83 (8th Cir.
2014).   The Commission made Amendment 782 retroactive effective
November 1, 2015.   *See* U.S.S.G. § 1B1.10(d),(e)(1) ("The court
shall not order a reduced term of imprisonment based on
Amendment 782 unless the effective date of the court's order is
November 1, 2015, or later.").

unaffected." *Dillon v. United States*, 560 U.S. 817, 821, 130 S.
Ct. 2683, 177 L.Ed.2d 271 (2010) (*quoting* U.S.S.G. §
1B1.10(b)(1)).  A reduction is *inconsistent* with the applicable
policy statement if the amendment "does not have the effect of
lowering the defendant's applicable guideline range." U.S.S.G.
§ 1B1.10(a)(2)(B).  The Guidelines define "applicable guideline
range" as "the guideline range that . . . is determined before
consideration of any departure provision in the Guidelines
Manual or any variance." U.S.S.G. § 1B1.10, cmt. n.1(A).

The government relies on *Freeman v. United States*, 131 S.
Ct. 2685, 180 L.Ed.2d 519 (2011), and *United States v. Frazier*,
531 F. App'x 308, 309 (4th Cir. 2013) (unpublished), to argue
that Logan is ineligible for relief.  Opp. at 1-2.  Logan argues
that neither case forecloses relief.  Reply at 1-3.

In *Freeman*, the Supreme Court, in a divided opinion,
addressed retroactive Sentencing Guidelines under § 3582(c)(2)
in the context of a C plea.  Although Justice Kennedy wrote for
the plurality, the courts of appeal have read Justice
Sotomayor's opinion, the narrowest ground of those justices
concurring in the judgment, as controlling.[4]  In *Freeman*, Justice

---

[4] *See, e.g., United States v. Austin*, 676 F.3d 924, 926 (9th Cir.
2012); *United States v. Thompson*, 682 F.3d 285, 289-90 (3d Cir.
2012); *United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st
Cir. 2011); *United States v. Brown*, 653 F.3d 337, 340 & n. 1
(4th Cir. 2011); *see also Marks v. United States*, 430 U.S. 188,
193-94, 97 S. Ct. 990, 51 L.Ed.2d 260 (1977) (test for deciding

Sotomayor stated that a "term of imprisonment ... pursuant to [a C plea] is 'based on' the agreement itself, not on the judge's calculation of the Sentencing Guidelines" for purposes of a reduction under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment).

However, Justice Sotomayor recognized two instances when a defendant who enters a C plea may be able to show that his sentence had been "based on a [Guidelines] sentencing range" under 18 U.S.C. § 3582(c)(2). First, when the plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" and the district court accepts the plea, "there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.* at 2697. Second, when the plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty," and the "sentencing range is evident from the agreement itself," then

---

controlling opinion). *But see United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013) (no controlling opinion in *Freeman*).

"the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range." *Id.* at 2697-98.[5]

In *Frazier*, the petitioner had argued that Justice Sotomayor's second exception applied. 531 F. App'x at 310. The Fourth Circuit disagreed; although the petitioner's plea agreement had provided for a specific term of imprisonment, it had not made "clear that the specified term is a Guidelines sentencing range applicable to the sentence of conviction," and no Guideline range had been "evident from the agreement itself." *Id.* (noting that petitioner's plea agreement had "disclaimed any

---

[5] In *Freeman*, pursuant to a plea agreement under which the petitioner pled guilty to drug and firearms offenses, the district court sentenced the petitioner to 106 months imprisonment. 131 S. Ct. at 2699. The 106 month sentence included a 60 month mandatory minimum for possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). *Id.* In determining the reason for the remaining 46 months, Justice Sotomayor noted that the plea agreement set the petitioner's offense level at 19, which had been "determined *by the quantity of drugs* and his acceptance of responsibility," and his anticipated criminal history category of IV. *Id.*(emphasis added). The petitioner's offense level and criminal history category resulted in a guidelines range of 46 to 57 months; thus, the petitioner had been sentenced at the low end of the guidelines range in conjunction with the 60 month mandatory minimum. *Id.* at 2699-700. Accordingly, Justice Sotomayor concluded that that the petitioner's prison term had been "based on" a Guidelines range under 18 U.S.C. § 3582(c)(2). *Id.* at 2700. Justice Sotomayor further concluded that the Guidelines range used to establish the petitioner's sentence had been lowered by Amendment 706, which amended the guidelines applicable to crack cocaine offenses. *Id.* at 2700; *see also* U.S.S.G. Supp. App. C, Amend. 706 (amending U.S.S.G. § 2D1.1(c) effective November 1, 2007). For those reasons, the petitioner was entitled to a reduced sentence. *Freeman*, 131 S. Ct. at 2700.

agreement as to his criminal history or criminal history category and gave no Guidelines sentencing range.")(internal quotation marks omitted).

Logan argues that *Frazier* is distinguishable because, here, "the parties plainly spelled out in the agreement [his] applicable guideline range and how it was calculated." Reply at 2. Logan further argues that his case is within Justice Sotomayor's second exception because his plea agreement specified his 180 month term of imprisonment, and made clear that "the specified term is a Guidelines sentencing range applicable to the offense." *Id.* at 2-3 (*citing* Plea Agreement ¶¶ 5, 6, 10).

Here, Logan's plea agreement stated that the Court would determine a Guidelines sentencing range and would "take into account the advisory guidelines range in establishing a reasonable sentence," Logan was a career offender under U.S.S.G. § 4B1.1(b), had a base offense level of 37 and a criminal history category of VI, and was eligible for downward departures. Plea Agreement ¶¶ 5, 6. The Court assumes, without deciding, that Logan's plea agreement "make[s] clear that the basis for [his 180 month sentence] is a Guidelines sentencing range" that is "evident from the agreement itself," thereby meeting Justice Sotomayor's second exception. *See Freeman*, 131 S. Ct. at 2697-98; *cf. United States v. Brown*, 653

7

F.3d 337, 340 (4th Cir. 2011) (exception not met when plea
agreement merely stated that imprisonment to a term of 180 to
240 months would be appropriate); *Frazier*, 531 F. App'x at 310
(exception not met when plea agreement did not state the
petitioner's criminal history category or a Guidelines
sentencing range); *Johnson v. United States*, No. CIV.A. DKC 12-
2454, 2014 WL 470077, at *4 (D. Md. Feb. 5, 2014) (exception not
met when the "plea agreement [did] not suggest a guidelines
range, and could not have done so because there was expressly no
agreement as to Petitioner's criminal history category")(citing
cases standing for the proposition that lack of agreement about
a defendant's criminal history category precludes relief under
*Freeman*).

However, Logan is not entitled to a sentence reduction
because he has not demonstrated that his "sentencing range . . .
has subsequently been lowered by the Sentencing Commission" as
required by 18 U.S.C. § 3582(c)(2).  Logan's Guidelines range
was based on his career offender designation under U.S.S.G.
§ 4B1.1.  *See* Plea Agreement ¶ 6(a); *cf. Freeman*, 131 S. Ct. at
2700 (petitioner's Guidelines sentencing range based on drug
quantity).  Neither Amendment 750--nor the later Amendment 782--
amended U.S.S.G. § 4B1.1.  *See* U.S.S.G., App. C, Amend. 750

(2012); U.S.S.G. Supp. App. C, Amend. 782 (2014).[6]  Further,

there is no evidence that this Court relied on the crack cocaine

Guideline when it calculated the extent of Logan's departure;

instead, the Court applied reductions based on acceptance of

personal responsibility, "timely notification of his intention

to plead guilty," and age, and did not reduce his criminal

history category.  Plea Agreement ¶ 6(a)-(b); ECF No. 20 at 2

(sealed); *United States v. Ervin*, 533 F. App'x 189, 190 (4th

Cir. 2013) (unpublished) (affirming denial of § 3582(c)(2)

motion when petitioner failed to demonstrate reliance on crack

cocaine Guidelines in calculating departures; district court had

reduced petitioner's offense level because of substantial

assistance but did not reduce his criminal history category);

*United States v. Blakeney*, 540 F. App'x 219 (4th Cir. 2013)

(unpublished)(same).[7]  Accordingly, Logan's motion will be

---

[6] *See also United States v. Charles*, 749 F.3d 767, 770 (9th Cir. 2014) (Amendment 750 did not change the career offender Guidelines); *United States v. Reeves*, 717 F.3d 647, 650 (8th Cir. 2013) (same); *United States v. Tillman*, 511 F. App'x. 519, 521 (6th Cir. 2013) (same); *Thomas*, 775 F.3d at 982-83 (Amendment 782 did not change the career offender Guidelines).

[7] *Cf. United States v. Munn*, 595 F.3d 183 (4th Cir. 2010) (although petitioner was a career offender, § 3582(c)(2) reduction was merited because district court had relied on the crack cocaine Guidelines in calculating his departure).  *But see United States v. Moton*, 531 F. App'x 377, 378 (4th Cir. 2013) (unpublished)(recognizing *Munn*'s abrogation by U.S.S.G. App. C, Amend. 759 (2011)); *United States v. Quarles*, 889 F. Supp. 2d 783, 787 (E.D. Va. 2012) *aff'd*, 521 F. App'x 192 (4th Cir. 2013)(same).

denied.   *See id.*; *United States v. Nichols*, No. 15-6576, 2015 WL

4538933, at *1 (4th Cir. July 28, 2015) (affirming denial of a

§ 3582(c) motion when petitioner's sentence was based on his

career offender designation and not drug quantity).[8]

III. Conclusion

    For the reasons stated above, Logan's motion will be

denied.

_____10/21/15_____                          _____
Date                                        William D. Quarles, Jr.
                                            United States District Judge

---

[8] Logan further argues that this Court "routinely grant[s] relief
under § 3582(c)(2) to defendants who entered a [C plea]."  Reply
at 3 (citing, *inter alia*, *United States v. Candis Unita Mack*,
Crim. Case No. WDQ-08-0348), *United States v. Colvin*, Crim. Case
No. WDQ-01-0607).  *Mack*, however, is distinguishable; the
parties had stipulated to a base offense level of 32 pursuant to
U.S.S.G. § 2D1.1(c)(4).  *Mack*, Crim. Case No. WDQ-01-0607, ECF
No. 82 ¶ 6(a).  In *Colvin*, the defendant was classified as a
career offender under U.S.S.G. § 4B1.1; however, the parties
agreed to a four-level reduction under U.S.S.G. §§ 3E1.1 and
4A1.3 because of his acceptance of responsibility and his
criminal history score overrepresented the seriousness of his
criminal history.  Crim. Case No. WDQ-01-0607, ECF No. 37 at 1
n.2.  Thus, his sentence had been "based on (at least in part) .
. . U.S.S.G. § 2D1.1."  *Id.* at 3 (internal quotation marks
omitted).  Following the U.S. Supreme Court's decision in
*Freeman*, the government agreed to the sentence reduction.
*Colvin*, Crim. Case No. WDQ-01-0607, ECF No. 40.  Unlike *Colvin*,
here, as noted above, there is no indication that Logan's
sentence had been based in any way upon U.S.S.G. § 2D1.1.  Thus,
Logan is not entitled to relief.