| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. CCB-10-203 |
| WAYNE LEROY LOGAN | * |

## MEMORANDUM AND ORDER

Now pending is Wayne Logan's motion for sentence reduction under the First Step Act of 2018. As the government agreed, Logan is eligible for relief. The question, therefore, is what factors the court should consider in deciding whether to exercise its discretion to reduce Logan's sentence as requested. Having reviewed the parties' memoranda and relevant case law, I join other courts in holding that the judge should consider the factors set forth in 18 U.S.C. § 3553(a), including post-sentencing conduct, in ruling on a motion for sentence reduction where the defendant is eligible for relief under the First Step Act. *See, e.g., United States v. Rose*, 379 F. Supp. 3d, 223, 231 (S.D.N.Y. 2019); *United States v. Mitchell*, 2019 WL 2647571 * 7-8 (D.D.C. 2019).

The government, without directly addressing the § 3553(a) factors, argues by "analogy" to 18 U.S.C. § 3582(c)(2) that, because Logan's sentence is already 8 months below the revised guideline range, no further reduction should be granted.[1] Section 3582(c)(2), however, is not applicable because the court is ruling pursuant to a statutory change (Section 404 of the First Step Act) rather than a guideline amendment made by the Sentencing Commission. *See, e.g., United States v. Dodd*, 372 F. Supp. 3d 795, 797-98 (S.D. Iowa 2019); *Rose*, 379 F. Supp. 3d at 233; *United States v. Copeland*, 2019 WL 2090699, * 3-4 (W.D. Va. 2019).

---

[1] In 2010, as a career offender who pled guilty to distribution of over 50 grams of crack cocaine, Logan's guideline range was 262 to 327 months. Pursuant to a c-plea, he received a sentence of 180 months from now-retired Judge William D. Quarles. Logan's new guideline range is 188-235 months.

1

In this case the § 3553(a) factors weigh in Logan's favor. He is 58 years old, lowering the risk of recidivism. His offense did not involve violence. He has done well in the Bureau of Prisons and has both family support and employment waiting for him upon release. The additional reduction is warranted.

Accordingly, the motion (ECF No. 50) is granted. The sentence will be reduced by a proportional downward variance to 130 months (but not less than time served plus 10 days) and 4 years of supervised release. An amended J&C will be issued.

So Ordered this 25th day of July 2019.

/s/ Catherine C. Blake
Catherine C. Blake
United States District Judge